UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERROL P. CROSSDALE,

    Plaintiff,

v.                                  Case No: 2:13-cv-877-FtM-29DNF

ROBERT B. BURANDT, BRENDA BURANDT, CARLA NUSBAUM, THE ESTATE OF KURT NUSBAUM, NUSBAUM BURANDT LLC., a limited liability company, and BURANDT, ADAMSKI, & FEICHTHALER, P.I.,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendants' Dispositive Motion to Dismiss (Doc. #14) filed on April 2, 2014. Plaintiff filed a Response (Doc. #15) on April 15, 2014. For the reasons stated below, the motion is granted in part and denied in part.

**I.**

Plaintiff Errol Crossdale (Plaintiff or Crossdale) is proceeding *pro se* in this action and has filed a ten-count Amended Complaint (Doc. #11) against Defendants Kurt Nusbaum (Nusbaum), Carla Nusbaum, Robert Burandt, Brenda Burandt, Nusbaum Burandt LLC (NB LLC), and Burandt Adamski & Feichthaler, P.I. (BAF). The underlying facts, as set forth in the Amended Complaint, are as follows:

In February 2009, Crossdale and his business partner entered into a contract with NB LLC to lease a restaurant located in Fort Myers, Florida. (Id. at ¶ 5.) Shortly after the restaurant commenced operations, Nusbaum (acting on behalf of NB LLC) made threats, chased away customers, and took other actions in an effort to force Crossdale to abandon the restaurant. (Id. at ¶ 15.) Subsequently, NB LLC evicted Crossdale and sued him for the remainder owed on the lease. (Id. at ¶ 18.) The lawsuit was successful and NB LLC was awarded a judgment in the amount of $220,323. (Id.) However, according to Crossdale, Defendants obtained that judgment by knowingly misrepresenting facts before the court. (Id. at ¶ 18-20.) Crossdale further contends that the state court judges presiding over that suit were aware of Defendants' fraud yet nevertheless entered judgment in favor of NB LLC. (Id. at ¶ 19.) Crossdale alleges that Nusbaum (who is Caucasian) took these actions because of his racial prejudice against Crossdale (who is African American) and in order to reap a financial windfall. (Id. at ¶ 15.)

Crossdale brings claims for fraud, violations of his constitutional rights, breach of contract, theft by deception, conspiracy, trespass, extortion, racketeering, and tortious interference. Defendants now move to dismiss the Amended Complaint, arguing (1) that it violates Rule 8 of the Federal Rules of Civil Procedure; (2) that Crossdale's claims are barred by the statute of limitations and the doctrine of *res judicata*; and (3)

that Crossdale has not alleged misconduct on behalf of certain individual Defendants. (Doc. #14.) In response, Crossdale argues that his causes of action are adequately pled.[1] (Doc. #15.)

**II.**

Crossdale is proceeding *pro se* and, therefore, the Court must construe his pleadings liberally. Hope v. Bureau of Prisons, 476 F. App'x 702, 704-05 (11th Cir. 2012). Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." Washington v. Dept. of Children and Families, 256 F. App'x 326, 327 (11th Cir. 2007). Accordingly, if a complaint fails to articulate claims with sufficient clarity to enable defendants to properly frame a response, it will be dismissed. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 980 (11th Cir. 2008).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

---

[1] Plaintiff's Response is also styled as a Motion for Judgment on the Pleadings. However, as Defendants have not yet filed an Answer to the Amended Complaint, Plaintiff's Motion for Judgment on the Pleadings is denied as untimely. See Fed. R. Civ. P. 12(c) ("*After the pleadings are closed*--but early enough not to delay trial--a party may move for judgment on the pleadings.") (emphasis added).

3

(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Additionally, fraud claims are subject to the heightened pleading requirements of Rule 9(b), which require a complaint "to

state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them."  U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (quotations omitted).

### III.

**A.   Fraud (Count I)**

In support of his claim for fraud, Crossdale argues that NB LLC and its counsel at BAF obtained a state court judgment against him by knowingly misrepresenting facts before the court.  However, Crossdale does not allege the content of the alleged misrepresentations, who made them, when they were made, or why such statements were false.  Thus, Crossdale's fraud claim does not "state with particularity the circumstances constituting fraud" as required by Rule 9(b).  Accordingly, Count I is dismissed.

Additionally, the Court notes that "[c]ourts have consistently held that a party is precluded by res judicata from relitigation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985) (quoting Bankers Mortgage Co. v. U. S., 423 F.2d 73, 79 (5th Cir.

1970)). Further, to the extent Crossdale alleges that he did not have a fair opportunity to raise the misrepresentations in state court because the presiding judges deliberately turned a blind eye toward the fraud, "a civil suit for compensatory damages based on fraud is not the proper vehicle for attacking a final judgment based on alleged extrinsic fraud. Rather . . . the proper vehicle is an action in equity" pursuant to Florida Rule of Civil Procedure 1.540(b). Parker v. Parker, 950 So. 2d 388, 395 (Fla. 2007). Accordingly, to the extent Crossdale's fraud claims are premised upon Defendants' fraud during the state court litigation or fraud upon the court perpetrated by BAF and/or the state court judges, Crossdale has not properly alleged a claim for compensatory damages.

**B.   Section 1983 (Count II)**

In order to establish a prima facie case under 42 U.S.C. § 1983 (Section 1983), a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional or a federal statutory right. West v. Akins, 487 U.S. 42, 48 (1988). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." Edwards v. Wallace Community College, 49 F.3d 1517, 1523 (11th Cir. 1995). Although private individuals and entities may be held liable under Section 1983, such persons must be jointly engaged with state officials in the prohibited conduct. Adickes

6

v. Kress & Co., 398 U.S. 144, 152 (1970). Accordingly, private parties are considered to act under the color of state law only if "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution . . .; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State . . .; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise . . . ." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quotation omitted).

Here, Crossdale alleges that Nusbaum violated his right to equal protection under the Fourteenth Amendment. (Doc. #11, ¶¶ 48-52.) According to Crossdale, Nusbaum (as agent for NB LLC) sabotaged Crossdale's restaurant, evicted him, instituted a state court suit for the remainder owed on the lease, and presented fraudulent evidence during that proceeding in order to reap a financial windfall at Crossdale's expense. (Id.) Crossdale alleges that these illegal actions were motivated by Nusbaum's bias against African Americans and, therefore, denied him his right to equal protection under the Fourteenth Amendment. (Id.)

As Crossdale appears to recognize, neither Nusbaum nor NB LLC are state actors. Instead, Crossdale alleges that Defendants were acting under the color of state law because the state court judges presiding over NB LLC's case against Crossdale were aware of Defendants' fraud but nevertheless "knowing and deliberately

7

misapplied the law" in order to enter judgment in favor of NB LLC. (Id.)  However, other than Crossdale's conclusory allegations that the state court judges ignored Defendants' fraud, Crossdale has failed to allege facts which could support a finding that the state court judges and Defendants were joint actors in an effort to deny Crossdale his right to equal protection under the Fourteenth Amendment.  Accordingly, Count II is dismissed for failure to state a claim upon which relief can be granted.

**C.   Breach of Contract (Count III)**

Although Count III is identified as a cause of action for breach of contract, that section of the Amended Complaint simply summarizes the conduct underlying Crossdale's Section 1983 and fraud causes of action. Additionally, Crossdale states that "[t]he breach of contract is not the cause of action Plaintiff asserts warrants relief in this complaint."  (Doc. #11, ¶ 56.) Accordingly, Count III is dismissed for failure to state a claim upon which relief can be granted.

**D.   Theft By Deception, Conspiracy, And Collusion (Count IV, V, And VI)**

As with Count III, Crossdale's allegations in connection with Counts IV through VI once again summarize the conduct underlying Crossdale's Section 1983 and fraud causes of action. Additionally, Crossdale does not allege how each named Defendant is involved in each alleged claim or specify which Defendants are being sued for each particular claim.  Accordingly, Counts IV through VI are

dismissed for failure to state a claim upon which relief can be granted.

**E.   Trespass (Count VII)**

"Under Florida law, trespass to real property is an injury to or use of the land of another by one having no right or authority." Glen v. Club Méditerranée, S.A., 450 F.3d 1251, 1256 (11th Cir. 2006) (quoting Guin v. City of Riviera Beach, 388 So. 2d 604, 606 (Fla. 4th DCA 1980)).  Therefore, merely entering a building without the right to do so constitutes trespass. Guin, 388 So. 2d at 606. Here, Crossdale alleges that Nusbaum impermissibly entered the restaurant in order to threaten Crossdale and drive away customers. (Doc. #11, ¶ 65.) Crossdale also alleges that Nusbaum illegally changed the locks to the restaurant, thereby depriving Crossdale of revenue and allowing NB LLC to evict him. (Id. at ¶¶ 66-68.)  Accordingly, Crossdale's trespass cause of action is adequately pled.

**F.   Extortion (Count VIII)**

As with Counts III through VI, Crossdale's allegations in connection with his cause of action for extortion simply summarize the conduct underlying Crossdale's Section 1983 and fraud causes of action.  Additionally, Crossdale does allege how each named Defendant is involved in this claim. Moreover, Crossdale does not specify a statutory or common law basis for this cause of action and Florida courts have held that violation of a criminal extortion statute does not give rise to a civil cause of action for damages.

9

See, e.g., Am. Nat. Title & Escrow of Florida, Inc. v. Guarantee Title & Trust Co., 748 So. 2d 1054, 1056 (Fla. 4th DCA 1999). Accordingly, Count VIII is dismissed for failure to state a claim upon which relief can be granted.

**G.    RICO (Count IX)**

In order to state a civil RICO cause of action, a plaintiff "must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282 (11th Cir. 2006). The third and fourth elements—a pattern of racketeering activity—require a showing that the alleged racketeer has committed at least two distinct but related predicate acts. Id. at 1284. The first two elements—conduct of an enterprise—require a showing that there existed "an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of" the alleged predicate acts. Id. Additionally, when a RICO claim is predicated upon acts of fraud:

> a plaintiff must allege, as to each defendant, (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud. In a case involving multiple defendants, the complaint must not lump together all of the defendants, as the complaint should inform each defendant of the nature of his alleged participation in the fraud.

Kivisto v. Miller, Canfield, Paddock & Stone, PLC, 413 F. App'x 136, 139 (11th Cir. 2011) (quotations and citations omitted).

10

Here, other than the conclusory allegation that Defendants engaged in wire fraud, obstruction of justice, robbery, theft by deception, perjury, conspiracy, fraud, collusion, corruption, and extortion, Crossdale provides no factual support for his RICO cause of action. To the extent Crossdale intends to rely on the allegations contained in other counts as factual support for the predicate acts underlying his RICO claim, as set forth above, those counts are not adequately pled. Accordingly, Crossdale cannot rely on those counts to plead the predicate acts necessary to state a civil RICO claim. Moreover, as explained above, Crossdale has not pled his fraud allegations with specificity. Additionally, Crossdale impermissibly lumps together all of the Defendants without specifying the individual actions each Defendant took to further the alleged racketeering activity. Therefore, Count IX is dismissed for failure to state a claim upon which relief can be granted.

**H.  Tortious Interference (Count X)**

"The elements of tortious interference with a business relationship are: (1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference." Palm Beach Cnty.

11

Health Care Dist. v. Prof'l Med. Educ., Inc., 13 So. 3d 1090, 1094 (Fla. 4th DCA 2009).

Here, Crossdale alleges three bases for his tortious interference claim: (1) Defendants interfered with his relationship with his business manager by provoking arguments with the manager in order to drive away customers; (2) Defendants interfered with his relationship with his employees by engaging in a scheme to evict Crossdale and re-rent the restaurant to his employees; and (3) Defendants interfered with his business relationship with his customers by changing the locks to prevent Crossdale from operating the restaurant. (Doc. #11, ¶¶ 74-78.) According to Crossdale, Defendants' interference damaged him because it allowed Defendants to evict him and pursue a state court action to recover the remaining amounts owed on the lease. (Id.) However, as with Counts III through VI and Count VIII, Crossdale does not allege how each named Defendant is involved in this cause of action or specify which Defendants participated in which alleged acts of interference. Accordingly, Count X is dismissed for failure to state a claim upon which relief can be granted.

## IV.

As set forth above, Counts I through VI and VIII through X are dismissed for failure to state a claim upon which relief can be granted. The Court hereby grants Plaintiff leave to file a second amended complaint within fourteen days of the date of this Order. If Plaintiff chooses to amend his complaint, he must

12

clearly describe how each named Defendant is involved in each alleged claim and specify which Defendants are being sued for each particular count. Plaintiff must also provide factual support for the alleged violations and plead all fraud allegations with the specificity required by Rule 9 of the Federal Rules of Civil Procedure. More than conclusory and vague allegations are required to state a cause of action. To that end, the Court encourages Plaintiff to review the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov. The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer."

Finally, the Court notes that Plaintiff has not pled diversity of citizenship and, based on the allegations in the Amended Complaint, it appears that Plaintiff and at least one of the Defendants are citizens of Florida. (Doc. #11, ¶¶ 27-33.) Therefore, the Court has original jurisdiction over Plaintiff's claims arising under federal law, and supplemental jurisdiction over related state law claims. See 28 U.S.C. §§ 1331, 1367(a). However, as set forth above, each of Plaintiff's claims arising under federal law is dismissed. Accordingly, there is no independent basis for jurisdiction over Plaintiff's state law claims. Therefore, if Plaintiff chooses not to amend his complaint (or the second amended complaint fails to adequately allege a claim arising under federal law), the Court may decline to retain

13

jurisdiction over Plaintiff's state law claim(s) pursuant to 28 U.S.C. § 1367(c)(3).

Accordingly, it is now

**ORDERED:**

1. Defendant's Dispositive Motion to Dismiss (Doc. #14) is **GRANTED IN PART and DENIED IN PART.** Counts I through VI and VII through X of the Amended Complaint (Doc. #11) are **dismissed without prejudice** to filing a second amended complaint within **FOURTEEN (14) DAYS** of this Order. The Motion is otherwise **DENIED.**

2. Plaintiff's Motion for Judgment on the Pleadings (Doc. #15) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __2nd__ day of September, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record