UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERROL P. CROSSDALE,

    Plaintiff,

v.     Case No: 2:13-cv-877-FtM-29DNF

BRENDA BURANDT, CARLA NUSBAUM, THE ESTATE OF KURT NUSBAUM, NUSBAUM BURANDT LLC., a limited liability company, BURANDT, ADAMSKI, & FEICHTHALER, P.I., and ROBERT BURANDT,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on review of Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #23) filed on November 6, 2014. Plaintiff filed a Response (Doc. #27) on February 12, 2015. For the reasons set forth below, the motion is granted.

**II.**

Plaintiff Errol Crossdale (Crossdale) is proceeding *pro se* in this action and has filed a nineteen-count[1] Second Amended

---

[1] The Second Amended Complaint purports to assert ten "claims for relief." However, certain claims assert multiple causes of action. For example, Crossdale's "first claim for relief" appears to assert nine distinct counts of fraud (Doc. #22, pp. 9-40), and his "second claim for relief" appears to assert two distinct counts under 42 U.S.C. § 1983 (Id. at 40-21). In total, Crossdale's ten claims for relief contain nineteen separate causes of action.

Complaint (Doc. #22) against Defendants Kurt Nusbaum (Nusbaum), Carla Nusbaum, Robert Burandt, Brenda Burandt, Nusbaum Burandt LLC (NB LLC), and Burandt Adamski & Feichthaler, P.I. (BAF).  The underlying facts, as set forth in the Second Amended Complaint, are as follows:

In February 2009, Crossdale and his business partner entered into a contract with NB LLC to lease a restaurant located in Fort Myers, Florida.  (Id. at 5-6.)  Shortly after the restaurant commenced operations, Nusbaum (acting on behalf of NB LLC) made threats, chased away customers, and took other actions in an effort to force Crossdale to abandon the restaurant.  (Id. at 9-11.)  Subsequently, NB LLC evicted Crossdale and sued him for the remainder owed on the lease.  (Id. at 11.)  The lawsuit was successful and NB LLC was awarded a judgment in the amount of $220,323.  (Id.)  However, according to Crossdale, Defendants obtained that judgment by knowingly misrepresenting facts before the court.  (Id. at 11-14.)  Crossdale alleges that Nusbaum (who is Caucasian) took these actions because of his racial prejudice against Crossdale (who is African American) and in order to reap a financial windfall.  (Id. at 9.)

Based on these allegations, Crossdale brings claims against Defendants for fraud, violations of 42 U.S.C. § 1983 (Section 1983), breach of contract, theft, conspiracy, trespass, extortion, racketeering, tortious interference with contract, and procuring a judgment by unclean hands.  Defendants now move to dismiss the

2

Second Amended Complaint, arguing that each count fails to state a claim upon which relief may be granted. Crossdale responds that each count is adequately pled.

## II.

Crossdale is proceeding *pro se* and, therefore, the Court must construe his pleadings liberally. Hope v. Bureau of Prisons, 476 F. App'x 702, 704-05 (11th Cir. 2012). Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required [to] rewrite a deficient pleading." Washington v. Dept. of Children and Families, 256 F. App'x 326, 327 (11th Cir. 2007). Accordingly, if a complaint fails to articulate claims with sufficient clarity to enable defendants to properly frame a response, it will be dismissed. Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 980 (11th Cir. 2008).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

Additionally, fraud claims are subject to the heightened pleading requirements of Rule 9(b), which require a complaint "to state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in

4

them." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1357 (11th Cir. 2006) (quotations omitted).

### III.

Crossdale's nineteen causes of action are a mix of federal and state law claims. Crossdale does not allege diversity of citizenship or any other jurisdictional basis for his state law claims.[2] Therefore, the Court has original jurisdiction over Crossdale's claims arising under federal law, and supplemental jurisdiction over related state law claims. See 28 U.S.C. §§ 1331, 1367(a). However, if Crossdale fails to adequately plead all claims arising under federal law, the Court may decline to retain jurisdiction over his remaining state law claims. 28 U.S.C. § 1367(c)(3). Accordingly, the Court will first address Crossdale's federal causes of action.

**A.   Wire Fraud and RICO**

Crossdale's "First Claim for Relief" contains a cause of action for wire fraud. (Doc. #22, pp. 19-24.) Federal law prohibits the use of wire communications in furtherance of a scheme to defraud. 18 U.S.C. § 1343. There is no freestanding private right of action to enforce the federal wire fraud statute. Sedima,

---

[2] To the contrary, Crossdale alleges that he is a citizen of Florida and that Defendants reside in Florida and own property in Florida. (Doc. #22, ¶¶ 13-18.) While alleging that Defendants reside in Florida is not the same as alleging that they are Florida citizens, Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011), there is nothing in the Second Amended Complaint suggesting that Defendants are not Florida citizens.

S.P.R.L. v. Imrex Co., 473 U.S. 479, 501 (1985). Accordingly, Crossdale cannot maintain an independent cause of action against Defendants for wire fraud, and, therefore, his stand-alone wire fraud claim is dismissed with prejudice. Nevertheless, a civil plaintiff may bring a claim for wire fraud pursuant to the Racketeer Influenced and Corrupt Organizations Act (RICO). Ayres v. GMC, 234 F.3d 514, 519 n.8 (11th Cir. 2000) (18 U.S.C. § 1343 is "enforceable through a private federal RICO action"). Indeed, Crossdale's "Eighth Claim for Relief" is a civil RICO claim premised upon Defendants' alleged wire fraud. The Court will therefore address whether that RICO claim is adequately pled.

In order to state a civil RICO cause of action, a plaintiff "must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Williams v. Mohawk Indus., 465 F.3d 1277, 1282 (11th Cir. 2006). The third and fourth elements—a pattern of racketeering activity— require a showing that the alleged racketeer has committed at least two distinct but related predicate acts. Id. at 1284. The first two elements—conduct of an enterprise—require a showing that there existed "an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of" the alleged predicate acts. Id. Additionally, when a RICO claim is predicated upon acts of fraud:

> a plaintiff must allege, as to each defendant, (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and

6

>person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud. In a case involving multiple defendants, the complaint must not lump together all of the defendants, as the complaint should inform each defendant of the nature of his alleged participation in the fraud.

Kivisto v. Miller, Canfield, Paddock & Stone, PLC, 413 F. App'x 136, 139 (11th Cir. 2011) (quotations and citations omitted).

Here, Crossdale's RICO claim must be dismissed because he does not allege that Defendants have committed two predicate acts of racketeering activity. Although Crossdale states in a purely conclusory fashion that Nusbaum "committed more than two predicate acts of 18 U.S.C. § 1343 wire fraud," he does not identify them. Construing Crossdale's pleadings liberally, the Court assumes that Crossdale intends to rely on his allegation that Nusbaum misrepresented in an interstate wire communication that he was offering Crossdale "a peaceful long-term lease" when in fact Nusbaum always intended to impermissibly evict Crossdale. Florida law recognizes that a promise of future performance is actionable as fraud if "the promisor had a positive intent not to perform his promise, or made the promise without a present intent to perform it." Bissett v. Ply-Gem Industries, Inc., 533 F.2d 142, 145 (5th Cir. Fla. 1976).[3] Accordingly, the Court concludes that Crossdale

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

7

has adequately pled one predicate act of wire fraud. However, because Crossdale alleges no additional predicate acts of racketeering activity, his RICO claim must be dismissed without prejudice.

To be clear, the Court is aware that Crossdale also describes multiple instances where Defendants allegedly defrauded state court judges. However, fraud upon the state tribunal does not qualify as an act of racketeering activity and, thus, is irrelevant to Crossdale's RICO claim. Courboin v. Scott, No. 14-11644, 2014 WL 6952070, at *3 (11th Cir. Dec. 1, 2014) (RICO predicate acts are limited to those listed in 18 U.S.C. § 1961(1)).

The Court further notes that Crossdale also alleges that Defendants are guilty of extortion. It is unclear whether Crossdale intends for Defendants' alleged extortion to serve as one of the acts of racketeering activity required for his RICO claim. In the interest of completeness, the Court will assume that he does. A violation of the Hobbs Act, which bars interference in interstate commerce by means of extortion, can serve as a RICO predicate act. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088 (11th Cir. 2004). Extortion is "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2).

Crossdale alleges that Defendants extorted him on two occasions. According to Crossdale, the first act of extortion

8

occurred when he gave Defendants a $19,000 security deposit for the restaurant lease. However, Crossdale does not allege that he paid the security deposit as a result of Defendants' threats. To the contrary, Crossdale explains that he paid the security deposit because it was the necessary first step towards obtaining the lease from Defendants. Thus, no extortion plausibly occurred when Crossdale paid the security deposit.

The second act of extortion allegedly occurred when Defendants obtained a post-eviction state court judgment against Crossdale for the remaining balance of the lease. However, initiating or maintaining a lawsuit is not an act of extortion nor a RICO predicate act even if, as alleged here, the lawsuit is meritless or the evidence supporting the lawsuit is fabricated. Raney, 370 F.3d at 1088.

In sum, Crossdale has failed to allege two predicate acts of racketeering activity and, accordingly, his RICO claim will be dismissed without prejudice.

**B.   Section 1983 Claims**

Crossdale's "Second Claim for Relief" and "Second Other Claim for Relief" allege that Defendants deprived him of his constitutional rights in violation of Section 1983. In order to establish a prima facie case under Section 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of a constitutional or a federal statutory right. West v. Atkins, 487 U.S. 42, 48 (1988).

9

"Although private individuals and entities may be held liable under Section 1983, such persons must be jointly engaged with state officials in the prohibited conduct. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Accordingly, private parties are considered to act under the color of state law only if "(1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution . . .; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State . . .; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise . . . ." Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quotation omitted).

Here, Crossdale alleges that Nusbaum and NB LLC violated his right to equal protection under the Fourteenth Amendment. (Doc. #22, pp. 40-51.) According to Crossdale, Nusbaum (as agent for NB LLC) sabotaged Crossdale's restaurant, evicted him, instituted a state court suit for the remainder owed on the lease, and presented fraudulent evidence during that proceeding in order to reap a financial windfall at Crossdale's expense. (Id.) Crossdale alleges that these illegal actions were motivated by Nusbaum's bias against African Americans and, therefore, denied him his right to equal protection under the Fourteenth Amendment. (Id.)

As Crossdale appears to recognize, neither Nusbaum nor NB LLC are state actors. Instead, Crossdale alleges that Defendants were acting under the color of state law because the state court judges

10

presiding over NB LLC's case against Crossdale "knowingly misapplied the law" in order to enter judgment in favor of NB LLC. (Id. at p. 48.) Other than Crossdale's conclusory allegations, Crossdale has failed to allege facts which could support a finding that the state court judges and Defendants were joint actors in an effort to deny Crossdale his right to equal protection under the Fourteenth Amendment. To the contrary, Crossdale repeatedly states that the state court judges were "fraudulently induced" by Defendants. (Id. at pp. 45-48.) "[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." Dennis v. Sparks, 449 U.S. 24, 28 (1980).

Furthermore, Crossdale previously raised Defendants' alleged fraud when he appealed the trial court's decision to Florida's Second District Court of Appeals, which affirmed. Crossdale v. Nusbaum-Burandt, LLC, 111 So. 3d 888 (Fla. 2d DCA 2103) review dismissed, 116 So. 3d 1260 (Fla. 2013). "Courts have consistently held that a party is precluded by res judicata from relitigation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985) (quoting Bankers Mortgage Co. v. U. S., 423 F.2d 73, 79 (5th Cir. 1970)). Accordingly, Crossdale's Section 1983 causes of action are dismissed for failure to state a claim upon which relief can be

11

granted. Because the Court had previously dismissed the § 1983 claims on the same basis (Doc. #17), and the Second Amended Complaint fails to add plausible facts showing joint state activity, the dismissal will be with prejudice.

**C. Conspiracy**

Relying on the same conduct underlying his Section 1983 causes of action, Crossdale also asserts that Defendants conspired to deprive him of his constitutional rights in violation of 18 U.S.C. § 241. However, 18 U.S.C. § 241 is a criminal statute, which does not provide for a civil cause of action. Abram-Adams v. Citigroup, Inc., 491 F. App'x 972, 974 n.1 (11th Cir. 2012). Construing Crossdale's complaint liberally, the Court will assume that his conspiracy claim is brought pursuant to 48 U.S.C. § 1985(3), which does provide a private right of action.

Unlike Section 1983 claims, Section 1985(3) claims do not require state action. Jimenez v. Wellstar Health Sys., 596 F.3d 1304, 1312 (11th Cir. 2010). Nevertheless, where, as here, "the alleged § 1985(3) conspirators are private actors, the plaintiff must demonstrate that the conspiracy was aimed at rights constitutionally protected against private impairment." Id. "The only rights the Supreme Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude." Id. While there is no exhaustive list of the rights enforceable against private conspirators under § 1985(3), the Eleventh Circuit

12

has held that a denial of the contract and property rights guaranteed by 42 U.S.C. § 1981 *cannot* form the basis of a Section 1985(3) claim.  Id.

Here, Crossdale alleges that Defendants conspired to harass and threaten him so that he would abandon the restaurant he was leasing.  Crossdale further alleges that these actions were racially motivated.  Crossdale does not specify which of his rights were violated by Defendants' alleged conspiracy, though it appears that his chief complaint is that he was improperly evicted from the restaurant and sued for the remainder owed on the lease. Construing his pleadings liberally, the Court assumes Crossdale is alleging that, on account of his race, Defendants denied him his property interest in the restaurant and denied him the right to enforce the lease. As explained above, these contract and property rights, which are guaranteed by 42 U.S.C. § 1981, cannot form the basis of a Section 1985(3) claim.  Jimenez, 596 F.3d at 1312. Accordingly, Crossdale's cause of action for conspiracy is dismissed with prejudice.

## IV.

Crossdale's remaining causes of action for fraud upon the court, breach of contract, theft by deception, trespass, extortion, and tortious interference arise under Florida state law.  As set forth in detail above, each of Crossdale's claims arising under federal law is dismissed.  Accordingly, there is no independent basis for jurisdiction over his state law claims.

13

Thus, at this time the Court need not address whether Crossdale's state law claims are adequately pled.

The Court hereby grants Crossdale leave to file a Third Amended Complaint within twenty-one days of the date of this Order. However, if Crossdale's prospective Third Amended Complaint fails to adequately allege a cause of action arising under federal law, the Court may decline to retain jurisdiction over Plaintiff's state law claims, dismiss them without prejudice to refiling in state court, and close this case.  28 U.S.C. § 1367(c)(3).

If Crossdale chooses to amend his complaint, the Court reminds him that he need only provide a short and plain statement of his claims that articulates them with sufficient clarity to enable Defendants to properly frame a response, Davis, 516 F.3d at 980. To that end, the Court encourages Plaintiff to review the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov.  The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer."  Additionally, the Court directs Crossdale _not_ to include citations to case law in his Third Amended Complaint as he has done in his Second Amended Complaint.  Likewise, Crossdale must refrain from lengthy quotations of statutory language.  While Crossdale's prospective Third Amended Complaint should _briefly_ state the legal basis for the causes of action being asserted, legal argument is wholly unnecessary.  For example, if Crossdale chooses to assert a civil RICO cause of action in his Third Amended

14

Complaint, it would be proper to state that the claim is brought pursuant to 18 U.S.C. § 1964.  However, it would be improper to include any case law discussing RICO claims or to discuss related statutory language.

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. #23) is **GRANTED.**

2.   Plaintiff's causes of action for wire fraud, violations of 42 U.S.C. § 1983, and conspiracy are **DISMISSED WITH PREJUDICE.**

3.   Plaintiff's cause of action for violations of the Racketeer Influenced and Corrupt Organizations Act is **DISMISSED WITHOUT PREJUDICE** to filing a Third Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of March, 2015.

_/s/ John E. Steele_
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record