UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERROL P. CROSSDALE,

    Plaintiff,

v.                                  Case No: 2:13-cv-877-FtM-29DNF

BRENDA BURANDT, CARLA NUSBAUM, THE ESTATE OF KURT NUSBAUM, NUSBAUM BURANDT LLC., a limited liability company, BURANDT, ADAMSKI, & FEICHTHALER, P.I., and ROBERT BURANDT,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's First Amended Motion for Reconsideration (Doc. #32) filed on April 2, 2015.[1] Defendants did not respond to the motion and the time to do so has expired. For the reasons set forth below, the motion is denied.

**I.**

Plaintiff Errol Crossdale (Crossdale) is proceeding *pro se* in this action and has filed a nineteen-count Second Amended Complaint

---

[1] Plaintiff filed his initial Motion for Reconsideration (Doc. #31) on April 1, 2015. The First Amended Motion for Reconsideration (Doc. #32) was filed the following day. Both motions seek reconsideration of the Court's March 20, 2015 Opinion and Order (Doc. #30). In light of the amended filing, the Court will deny the initial Motion for Reconsideration (Doc. #31) as moot.

(Doc. #22) against Defendants Kurt Nusbaum (Nusbaum), Carla Nusbaum, Robert Burandt, Brenda Burandt, Nusbaum Burandt LLC (NB LLC), and Burandt Adamski & Feichthaler, P.I. (BAF). The underlying facts, as set forth in the Second Amended Complaint, are as follows:

In February 2009, Crossdale and his business partner entered into a contract with NB LLC to lease a restaurant located in Fort Myers, Florida. (Id. at 5-6.) Shortly after the restaurant commenced operations, Nusbaum (acting on behalf of NB LLC) made threats, chased away customers, and took other actions in an effort to force Crossdale to abandon the restaurant. (Id. at 9-11.) Subsequently, NB LLC evicted Crossdale and sued him for the remainder owed on the lease. (Id. at 11.) The lawsuit was successful and NB LLC was awarded a judgment in the amount of $220,323. (Id.) However, according to Crossdale, Defendants obtained that judgment by knowingly misrepresenting facts before the court. (Id. at 11-14.) Crossdale alleges that Nusbaum (who is Caucasian) took these actions because of his racial prejudice against Crossdale (who is African American) and in order to reap a financial windfall. (Id. at 9.)

Based on these allegations, Crossdale brought claims against Defendants for fraud, violations of 42 U.S.C. § 1983 (Section 1983), breach of contract, theft, conspiracy, trespass, extortion, racketeering, tortious interference with contract, and procuring

a judgment by unclean hands. On March 20, 2015, the Court issued an Opinion and Order (Doc. #30) (the Order) dismissing Crossdale's Second Amended Complaint. Specifically, the Court dismissed with prejudice Crossdale's causes of action for wire fraud, violations of Section 1983, and conspiracy; dismissed without prejudice Crossdale's cause of action for violations of the Racketeer Influenced and Corrupt Organizations Act; and declined to address Crossdale's state law causes of action pending the filing of a Third Amended Complaint. (Id.) Crossdale now seeks reconsideration of the portion of the Order that dismissed his conspiracy and Section 1983 causes of action with prejudice.

**II.**

"Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly." American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). Courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; [and] (3) the need to correct clear error or prevent

manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). Unless the movant's arguments fall into one of these categories, the motion must be denied.

The motion to reconsider must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072–73.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd., 149 F.R.D. 235, 235 (M.D. Fla. 1993).

### III.

Crossdale argues that reconsideration is necessary because the Court incorrectly concluded that his Section 1983 and conspiracy causes of action were inadequately pled. In support,

Crossdale does not cite to any new evidence or intervening change in case law. Instead, Crossdale simply reasserts the same factual allegations contained in the Second Amended Complaint in an attempt to convince the Court that the Order was incorrect. Thus, the "clear error" alleged by Crossdale is merely the Court's conclusion that he has not (and cannot) state a claim for violations of Section 1983 or for conspiracy to deprive him of his constitutional rights. As such, Crossdale's motion "fails to raise new issues and, instead, only relitigates what has already been found lacking." Lamar Adver., Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

As the Court has repeatedly explained, Defendants are not state actors, and "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." Dennis v. Sparks, 449 U.S. 24, 28 (1980). Therefore, Crossdale simply cannot maintain a Section 1983 cause of action against Defendants. Likewise, Crossdale cannot maintain a claim that Defendants conspired to deprive him of his constitutional property and contract rights because those rights are not enforceable against private conspirators. Jimenez v. Wellstar Health Sys., 596 F.3d 1304, 1312 (11th Cir. 2010). Therefore, Crossdale has failed to articulate sufficient grounds for reconsideration, and his motion will be denied. As set forth in Magistrate Judge Douglas N. Frazier's April 27, 2015 Order (Doc.

#34), Crossdale may file a Third Amended Complaint within twenty-one days of this Opinion and Order.

Accordingly, it is hereby

**ORDERED:**

1.  Plaintiff's Motion for Reconsideration (Doc. #31) is **DENIED AS MOOT**.

2.  Plaintiff's First Amended Motion for Reconsideration (Doc. #32) is **DENIED**.

3.  Plaintiff may file a Third Amended Complaint within **TWENTY-ONE (21) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of May, 2015.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record