UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ERROL P. CROSSDALE,

      Plaintiff,

v.                      Case No: 2:13-cv-877-FtM-29MRM

BRENDA BURANDT, CARLA
NUSBAUM, THE ESTATE OF KURT
NUSBAUM, NUSBAUM BURANDT
LLC., a limited liability
company, BURANDT, ADAMSKI, &
FEICHTHALER, P.I., and
ROBERT BURANDT,

      Defendants.

———————————————————————

## OPINION AND ORDER

This matter comes before the Court on review of Defendants' Motions to Dismiss (Docs. ##44, 46-50) filed on July 16, 2015. Plaintiff filed a Response (Doc. #58) on September 18, 2015. For the reasons stated below, the motions are granted.

### I.

Plaintiff Errol Crossdale (Crossdale) is proceeding *pro se* in this action and has filed an eleven-count Third Amended Complaint (Doc. #36) against Defendants Kurt Nusbaum (Nusbaum), Carla Nusbaum, Robert Burandt, Brenda Burandt, Nusbaum Burandt LLC (NB LLC), and Burandt Adamski & Feichthaler, P.I. (BAF). The underlying facts, as set forth in the Third Amended Complaint, are as follows:

In February 2009, Crossdale and his business partner entered into a contract with NB LLC (the Lease) to lease a restaurant located in Fort Myers, Florida.  (Id. at 16-17.)  Shortly after the restaurant commenced operations, Nusbaum (acting on behalf of NB LLC) made threats, chased away customers, and took other actions in an effort to force Crossdale to abandon the restaurant.  (Id. at 16-18.)  Subsequently, NB LLC evicted Crossdale and sued him in state court for the remainder owed under the lease.  (Id. at 18.) The lawsuit was successful and NB LLC was awarded a judgment in the amount of $220,323.  (Id. at 8.)  According to Crossdale, Defendants obtained that judgment by knowingly misrepresenting facts before the state court.  (Id. at 2-5.)  Crossdale alleges that Nusbaum (who is Caucasian) took these actions because of his racial prejudice against Crossdale (who is African American) and in order to reap a financial windfall.  (Id. at 14.)

Crossdale raised the issue of Defendants' alleged misconduct (and other procedural deficiencies) with the state court by filing a motion to set aside the judgment pursuant to Rule 1.540 of the Florida Rules of Civil Procedure.  (Id. at 10-13.)  A hearing on Crossdale's Rule 1.540 motion was held on April 23, 2012, and Crossdale's motion was denied as untimely.  (Id.; Doc. #36-1.) Crossdale then appealed the state court decisions to Florida's Second District Court of Appeals, which affirmed.  Crossdale v.

Nusbaum-Burandt, LLC, 111 So. 3d 888 (Fla. 2d DCA 2103) <u>review dismissed</u>, 116 So. 3d 1260 (Fla. 2013).

According to Crossdale, Defendants obtained both the state court judgment and the denial of his Rule 1.540 motion via fraud and other related misconduct.   Based on these allegations, Crossdale has filed this federal lawsuit against Defendants for violations of 42 U.S.C. § 1983 (Section 1983), wire fraud, violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), extortion, trespass, breach of contract, theft, tortious interference with contract, procuring a judgment with unclean hands, and fraud upon the court.   Defendants now move to dismiss the Third Amended Complaint, arguing (1) that each count is barred by the statute of limitations; and (2) that each count fails to state a claim upon which relief may be granted.   Crossdale responds that each count is adequately pled and timely.

## II.

Crossdale is proceeding *pro se* and, therefore, the Court must construe his pleadings liberally.   <u>Hope v. Bureau of Prisons</u>, 476 F. App'x 702, 704-05 (11th Cir. 2012).   Nevertheless, *pro se* litigants are "still required to conform to procedural rules, and the court is not required [to] rewrite a deficient pleading." <u>Washington v. Dept. of Children and Families</u>, 256 F. App'x 326, 327 (11th Cir. 2007).   Accordingly, if a complaint fails to articulate claims with sufficient clarity to enable defendants to

3

properly frame a response, it will be dismissed. <u>Davis v. Coca-Cola Bottling Co. Consol.</u>, 516 F.3d 955, 980 (11th Cir. 2008).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 555. <u>See also</u> <u>Edwards v. Prime Inc.</u>, 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," <u>Mamani v. Berzaín</u>, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Iqbal</u>, 556 U.S. at 678. "Factual allegations that are merely consistent

4

with a defendant's liability fall short of being facially plausible." <u>Chaparro v. Carnival Corp.</u>, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Iqbal</u>, 556 U.S. at 679.

Additionally, fraud claims are subject to the heightened pleading requirements of Rule 9(b), which require a complaint "to state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  "Particularity means that a plaintiff must plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." <u>U.S. ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1357 (11th Cir. 2006) (quotations omitted).

### III.

### A.   Section 1983 Claims – Counts I and II

In Counts I and II, Crossdale alleges that Defendants deprived him of his constitutional rights in violation of Section 1983.  In its March 20, 2015 Opinion and Order (Doc. #30), the Court dismissed Crossdale's Section 1983 claims with prejudice because Crossdale had repeatedly failed to allege—and, under the facts of this case, could not plausibly allege—that Defendants were state

actors. (Doc. #30, pp. 9-12.) Thus, Crossdale was not permitted
to reassert Section 1983 claims in his Third Amended Complaint.
Moreover, the third Amended Complaint once again fails to
adequately allege state action. Therefore, Counts I and II are
dismissed with prejudice.

**B.   Wire Fraud – Count III**

In Count III, Crossdale alleges that Nusbaum, acting on behalf
of NB LLC, committed wire fraud on two separate occasions. It is
not clear whether Crossdale intends his allegations of wire fraud
to serve as a distinct cause of action or whether he intends the
allegations to serve only as the predicate acts supporting his
civil RICO claim in Count IV. As set forth in the Court's March
20, 2015 Opinion and Order (Doc. #30), there is no freestanding
private right of action to enforce the federal wire fraud statute.
Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 501 (1985).
Accordingly, Crossdale cannot maintain an independent claim
against Defendants for wire fraud. Thus, to the extent Count III
asserts a distinct cause of action for wire fraud, it is dismissed
with prejudice.

**C.   RICO – Count IV**

Here, Crossdale's RICO claim is premised on his allegation
that in February 2009, Nusbaum, acting on behalf of NB LLC,
misrepresented in interstate wire communications that he was
offering Crossdale "a peaceful long-term lease" when in fact NB

LLC always intended to manufacture a reason to evict Crossdale. (Doc. #36, pp. 19-20.)   Crossdale alleges that on February 25, 2009 he wired NB LLC approximately $19,000 as a security deposit for the lease in reliance upon Nusbaum's misrepresentations. (Id.) Crossdale further alleges that Defendants followed through with their scheme by impermissibly evicting him on September 3, 2009. (Id. at 29.)   Taking these allegations as true, Crossdale's RICO claim must be dismissed as time-barred.

"The statute of limitations for civil RICO actions is four years.   The action begins to run when the injury was or should have been discovered, regardless of whether or when the injury is discovered to be part of a pattern of racketeering." Lehman v. Lucom, 727 F.3d 1326, 1330 (11th Cir. 2013) (citation and quotation omitted).   Crossdale alleges that Defendants executed their scheme to impermissibly evict him on September 3, 2009.   Therefore, the statute of limitations for Crossdale's RICO cause of action expired four years later on September 3, 2013.[1]   Crossdale did not commence this case until December 18, 2013.   Accordingly, Crossdale's civil

---

[1] Crossdale also alleges that the state court lawsuit through which NB LLC obtained a judgment against Crossdale for breach of the Lease was part of Defendants' alleged racketeering activity. However, initiating or maintaining a lawsuit is not a RICO predicate act even if, as alleged here, the lawsuit is meritless or the evidence supporting the lawsuit is fabricated. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088 (11th Cir. 2004).

RICO cause of action is time-barred and will be dismissed with prejudice.

**D.   Extortion – Count V**

In Count V, Crossdale alleges that Defendants committed extortion in violation of 18 U.S.C. § 1951. However, 18 U.S.C. § 1951 is a criminal statute which does not create a private right of action. Flournoy v. Copley, No. 13-CV-2481, 2013 WL 5487415, at *2 (M.D. Fla. Sept. 30, 2013). Likewise, Florida law does not provide a private right of action for extortion. Lacome v. Verizon Commc'ns, Inc., No. 06-CV-1942, 2006 WL 4821444, at *2 (M.D. Fla. Nov. 29, 2006). Accordingly, Count V is dismissed with prejudice.

**E.   Trespass – Count VI**

In Count VI, Crossdale alleges that Nusbaum committed the tort of trespass by (1) impermissibly entering the restaurant in order to threaten Crossdale and drive away customers; and (2) illegally changing the locks to the restaurant, thereby depriving Crossdale of revenue and allowing NB LLC to evict him. (Doc. #36, pp. 30-32.) According to Crossdale, these trespasses occurred between February 26, 2009 and September 3, 2009. (Id.) Under Florida law, an action for trespass must be commenced within four years, Fla. Stat. § 95.11(3)(g), and the limitations period begins to run when a plaintiff becomes aware of the trespass, Baker v. Hickman, 969 So. 2d 441, 443 (Fla. 5th DCA 2007). As alleged by Crossdale, he became aware of Nusbaum's alleged trespasses no later

than his eviction on September 3, 2009.  (Doc. #36, pp. 30-32.)
Crossdale did not commence this case until December 18, 2013, more
than four years later.  Therefore, Crossdale's trespass causes of
action are time-barred and will be dismissed with prejudice.

**F.   Breach of Contract and Civil Theft – Counts VII and VIII**

In Count VII, Crossdale alleges that NB LLC breached the Lease
by impermissibly taking possession of the restaurant and denying
Crossdale access to it on September 3, 2009.[2] (Doc. #36, pp. 32-
33.)  In Count VIII, Crossdale argues that the same actions
constitute civil theft because NB LLC impermissibly retained his
approximately $19,000 security deposit following its breach of the
Lease.  (Id. at 34-35.)  These claims must be dismissed because
the Court lacks subject matter jurisdiction under the Rooker-
Feldman doctrine.

The Rooker-Feldman[1] doctrine "places limits on the subject
matter jurisdiction of federal district courts and courts of appeal
over certain matters related to previous state court litigation."
Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).  Under the
Rooker-Feldman doctrine, "federal district courts cannot review
state court final judgments because that task is reserved for state

_____

[2] Unlike Crossdale's other state law causes of action, breach of
contract and civil theft claims are subject to a five-year statute
of limitations and, therefore, are not time-barred.  Flat. Stat.
§§ 95.11(2)(b) & 772.17.

[1]See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District
of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). Accordingly, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). "The doctrine applies both to federal claims raised in the state court and to those inextricably intertwined with the state court's judgment, meaning that the district court may not entertain claims that would effectively nullify the state court judgment or succeed only to the extent that the state court wrongly decided the issues." Nivia v. Nation Star Mortgage, LLC, No. 14-14048, 2015 WL 4930287, at *2 (11th Cir. Aug. 19, 2015) (quoting Casale, 558 F.3d at 1260).

Here, Crossdale alleges that NB LLC breached the Lease and committed theft when it impermissibly evicted him from the restaurant without returning his security deposit. In support, Crossdale alleges that his eviction was impermissible because NB LLC did not have a valid "writ of possession" at the time of the eviction. (Doc. #36, pp. 33-35.) However, as Crossdale concedes, the state court reached the exact opposite conclusion, finding that eviction was warranted because Crossdale had failed to make monthly rent payments and that Crossdale was liable to NB LLC for

the remaining amounts owed under the Lease.  (Doc. #36, pp. 8-10;
Doc. #6-3.)  Thus, the Court cannot grant Crossdale's requested
relief—a finding that his eviction was impermissible and an award
of damages he suffered as a result—without effectively nullifying
the state court judgment or, at the very least, concluding that
the eviction issue was wrongly-decided.  Nivia, 2015 WL 4930287,
at *2.  Accordingly, the Court lacks subject matter jurisdiction
over Crossdale's causes of action for breach of contract and civil
theft, and they will be dismissed without prejudice.

**G.   Tortious Interference with Contract – Count IX**

In Count IX, Crossdale alleges that NB LLC, via Nusbaum,
committed tortious interference with the Lease by (1)
impermissibly entering the restaurant in order to threaten
Crossdale and drive away customers; and (2) illegally changing the
locks to the restaurant.  (Doc. #36, pp. 35-38.)  According to
Crossdale, the alleged interference took place between February
26, 2009 and September 3, 2009.  (Id.)

Under Florida law, "[t]he elements of tortious interference
with a contract or business relationship are: (1) the existence of
a business relationship, not necessarily evidenced by an
enforceable contract, under which the plaintiff has legal rights;
(2) the defendant's knowledge of the relationship; (3) an
intentional and unjustified interference with the relationship by
the defendant; and (4) damage to the plaintiff as a result of the

interference." <u>Salit v. Ruden</u>, 742 So. 2d 381, 385 (Fla. Dist. Ct. App. 1999).   The statute of limitations for a tortious interference with contract claim is four years.  <u>Palaxar Grp., LLC v. Williams</u>, No. 14-CV-758, 2014 WL 5059286, at *7 n.17 (M.D. Fla. Oct. 2, 2014); <u>Yusuf Mohamad Excavation, Inc. v. Ringhaver Equip. Co.</u>, 793 So. 2d 1127, 1128 (Fla. 5th DCA 2001).

As alleged by Crossdale, his cause of action for tortious interference accrued no later than September 3, 2009, when Defendants prevented him from accessing the restaurant.  At that time, Crossdale and NB LLC had an existing business relationship of which NB LLC was aware (the Lease), and NB LLC is alleged to have interfered with that relationship and damaged Crossdale by evicting him.   Crossdale did not commence this case until December 18, 2013, more than four years later.   Therefore, Crossdale's tortious interference cause of action is time-barred and will be dismissed with prejudice.

**H.   Unclean Hands – Count X**

As Crossdale acknowledges in his Third Amended Complaint, the "unclean hands" doctrine is an equitable defense and does not provided an independent cause of action.   <u>In re First Foliage, L.C.</u>, No. 10-BKC-27532, 2014 WL 2616618, at *11 (Bankr. S.D. Fla. June 11, 2014).   To the extent Crossdale seeks relief premised on his contention that the state court erred in rejecting the unclean hands defense he raised in response to NB LLC's case against him

for breach of the Lease, the Court lacks subject matter jurisdiction to consider such a claim. <u>Casale</u>, 558 F.3d at 1260 ("federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court"). Accordingly, Count X will be dismissed without prejudice.

## I.    Fraud Upon the Court – Count XI

In Count XI, Crossdale alleges that Defendants committed fraud upon the court during an April 23, 2012 hearing. (Doc. #36, pp. 40-43.) The hearing concerned Crossdale's motion to set aside the state court judgment pursuant to Florida Rule of Civil Procedure 1.540. (<u>Id.</u>) At that hearing, the state court judge denied Crossdale's motion as untimely. (<u>Id.</u>) According to Crossdale, his Rule 1.540 motion was timely and the state court judge's ruling was incorrect. (<u>Id.</u>) Crossdale further alleges that the state court judge did not merely err in concluding that Crossdale's motion was untimely, but instead deliberately misapplied the law. (<u>Id.</u>) In support, Crossdale alleges that the state court judge's order was a verbatim copy of language proposed by NB LLC in their brief opposing the Rule 1.540 motion and, as a result, contained "untrue and erroneous information." (<u>Id.</u> at 43.)

As an initial matter, Count XI must be dismissed because Crossdale cannot "maintain an independent action for damages [for

fraud upon the court] in a court that is not the one in which the alleged fraud was committed." Fla. Evergreen Foliage v. E.I. Dupont De Nemours & Co., 336 F. Supp. 2d 1239, 1272 (S.D. Fla. 2004) aff'd, 470 F.3d 1036 (11th Cir. 2006).  Moreover, even if this Court were the proper forum, Crossdale's cause of action nevertheless would be subject to dismissal for failure to state a claim upon which relief can be granted.  Accepting Crossdale's allegations as true, the state court judge adopted NB LLC's proposed order which contained "untrue and erroneous information." However, Crossdale does not specify the content of the untrue information or allege why that information was false.  Accordingly, Crossdale has failed "to state with particularity the circumstances constituting fraud" as required by Rule 9(b).  Fed. R. Civ. P. 9(b).  Therefore, Crossdale's cause of action for fraud upon the court will be dismissed without prejudice.

Although not set forth in a numbered count, Crossdale also alleges that NB LLC obtained the judgment for breach of the Lease by making fraudulent representations before the state court.  (Doc. #36, pp. 3-5.)  To the extent Crossdale intends these allegations to support a separate cause of action for fraud, they must also be dismissed.

First, "a civil suit for compensatory damages based on fraud is not the proper vehicle for attacking a final judgment based on alleged extrinsic fraud.  Rather . . . the proper vehicle is an

action in equity" pursuant to Florida Rule of Civil Procedure 1.540(b). Parker v. Parker, 950 So. 2d 388, 395 (Fla. 2007). As discussed above, Crossdale sought relief in state court pursuant to Rule 1.540. (Doc. #36-1) A hearing on that motion was held on April 23, 2012 and the state court denied the motion as untimely. (Id.) Crossdale then appealed the state court judgment, which was affirmed. Crossdale v. Nusbaum-Burandt, LLC, 111 So. 3d 888 (Fla. 2d DCA 2013) review dismissed, 116 So. 3d 1260 (Fla. 2013). "Courts have consistently held that a party is precluded by res judicata from relitigation in the independent equitable action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action." Travelers Indem. Co. v. Gore, 761 F.2d 1549, 1552 (11th Cir. 1985) (quoting Bankers Mortgage Co. v. U. S., 423 F.2d 73, 79 (5th Cir. 1970)). Accordingly, Crossdale is not permitted to challenge the propriety of the state court judgment via a subsequent lawsuit in federal court. Casale, 558 F.3d at 1260 ("federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court").

Second, as with his cause of action for fraud upon the court, Crossdale has repeatedly failed to specify the content of Defendants' alleged misrepresentations before the state court, and has failed to allege why that information was false. Accordingly,

Crossdale has failed "to state with particularity the circumstances constituting fraud" as required by Rule 9(b). Therefore, to the extent Crossdale intends to assert a cause of action for fraud in connection with the state court judgment for breach of the Lease, that cause of action is dismissed without prejudice.

Accordingly, it is now

**ORDERED:**

1.   Defendants' Motions to Dismiss (Docs. ##44, 46-50) are **GRANTED.**

2.   Counts I, II, III, IV, V, VI, and IX of the Third Amended Complaint (Doc. #36) are **dismissed with prejudice.**

3.   Counts VII, VIII, X, and XI of the Third Amended Complaint (Doc. #36) are **dismissed without prejudice**.

2.   The Clerk shall enter judgment accordingly, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this ___1st___ day of October, 2015.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies: Counsel of record